USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-8-11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GEORGE HAYES,                                    :
                                                 :
                          Petitioner,            :
                                                 :        **REPORT AND**
                                                 :        **RECOMMENDATION**
              - against -                        :
                                                 :        **10 Civ. 5134 (PGG) (RLE)**
WILLIAM E. LEE,                                  :
                                                 :
                          Respondent.            :

To the HONORABLE PAUL G. GARDEPHE, U.S.D.J.:

## I. INTRODUCTION

*Pro se* Petitioner George Hayes, a New York state prisoner at Green Haven Correctional

Facility, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 26, 2010, Hayes

filed his initial Petition with the *Pro Se* Office in this District, and filed an Amended Petition

("the Petition") on July 27, 2010.

On July 10, 2007, Hayes was convicted of one count of criminal possession of a weapon

in the third degree, one count of criminal possession of a controlled substance in the fourth

degree, and one count of criminally using drug paraphernalia in the second degree. He was

sentenced, as a mandatory persistent felony offender, to concurrent prison terms of fifteen years

to life on the weapons charge, three and one-half years on the drug possession charge, and one

year on the paraphernalia charge. Hayes contends that his incarceration for the weapons charge

violates the United States Constitution in that: 1) the transcript of pretrial proceedings that was

provided to the parties is inaccurate, thus depriving him of his right to appeal; 2) the trial court

failed to properly balance the prejudicial nature of photographic evidence against its probative

value; 3) the trial court failed to provide a proper limiting instruction to the jury regarding

photographic evidence; 4) photographic evidence was improperly admitted without authentication; and 5) the verdict on the weapons charge was legally insufficient and against the weight of the evidence. For the reasons set forth below, I recommend that the Petition be **DENIED.**

## II. BACKGROUND

### A. Factual Background

#### 1. The Arrest

On August 17, 2006, members of the NYPD's Brooklyn South Narcotics command executed a search warrant at 201 Linden Boulevard, Apartment 22D. (Tr. at 33-34.) Upon entering the apartment, the officers saw one man running to the left of the apartment, while another threw a plastic bag out of the living room window. (Tr. at 37.) Several officers followed the running man, later identified as Patrick McGuilkin, into a bedroom, where another man, later identified as Hayes, was standing by the window. (Tr. at 39.) Hayes was searched and found to have cocaine in his pocket and tinfoil wrappers used to package drugs in his hand. (Tr. at 43, 196.) The package thrown from the living room window was also found to contain cocaine. (Tr. at 112.)

Upon running into the bedroom, McGuilkin had thrown himself down on the bed and appeared to be reaching for something under the mattress before being secured by the police. (Tr. at 232.) In searching the bedroom, the officers found three large garbage bags that contained clear sandwich bags used to package drugs, a number of photographs showing Hayes in the apartment, and a bank statement addressed to Hayes at a P.O. Box. (Tr. at 45-55.) A search under the mattress of the bed revealed a chrome semi-automatic handgun. (Tr. at 196.) One of the recovered photographs showed Hayes sitting on the bed holding what appeared to be the

2

same handgun. (Tr. at 92-94.)

### 2. The Pretrial Proceedings and Trial

Before the trial began, Hayes's attorney moved to have the photograph of Hayes holding

the gun excluded from the evidence as overly prejudicial. (Tr. at 15.) When the trial judge ruled

that the photograph was admissible, Hayes's attorney asked whether there would be any

restrictions to its admission, suggesting that the photograph should not be used to show a

propensity towards gun ownership. (Tr. at 19-21.) The transcript shows that Hayes's attorney

asked, "Is that picture admissible for all purposes, any purpose the People want?" and that the

trial judge replied, "It is him in the apartment." (Tr. at 21.) The judge's decision to admit the

photograph prompted an outburst from Hayes on the unfairness of the proceedings, eventually

causing him to be removed from the courtroom for the entire trial. (Tr. at 21-27, 55.)

At trial, the prosecution presented the testimony of several of the officers who executed

the search warrant, a ballistics expert who had tested the gun, and the forensic analysts who had

tested the drugs. The picture of Hayes holding the gun was admitted upon the authentication of

Detective Selwyn Fonrose, who had discovered the photographs while searching the apartment.

(Tr. at 47.) Upon admitting the photograph, the trial judge instructed the jury:

> "And the fact that I'm admitting a photograph doesn't mean you have to do
> anything with it other than in the jury room put it aside and say, that's nice to
> know. You can make an evaluation and decide the photograph has some
> connection or probative value with respect to all the probative issues you are
> asked to figure out, use it. If it does not make sense, don't use it."

(Tr. at 51.) Detective Desmond Stokes, the ballistics expert, testified that the gun in the

photograph appeared to be the same type of gun as the one recovered from the apartment, but

that he could not say for certain that they were the same gun because the serial number of the

gun in the photograph was not legible. (Tr. at 93-94.) In his summation, and over the defense

attorney's objections, the prosecutor argued that the gun in the photograph was the same as the one recovered from the apartment. (Tr. at 275-76.) Hayes's attorney emphasized that it had not been established that Hayes was a resident of the apartment (tr. at 252-54), and that McGuilkin had been the one reaching for the gun. (Tr. at 258-59.) The jury found Hayes guilty on all counts. (Tr. at 318-19.)

**B. Procedural Background**

Soon after the verdict was announced, Hayes, represented by his trial counsel, moved to set aside the verdict on the ground that admitting the photograph of him with the gun for all purposes violated New York law safeguards against conviction by propensity. (Decl. in Opp'n to Pet. ("Decl. in Opp'n"), Ex. N.) At the sentencing hearing, the trial judge denied Hayes's motion. (Sentencing Tr. at 2.) Hayes then moved *pro se* for a reconstruction hearing, claiming that the transcript of pretrial proceedings did not accurately reflect the trial judge's ruling admitting the photograph for all purposes. (Decl. in Opp'n, Ex. O.) He submitted an affidavit in support of his motion from his trial attorney, who claimed that when he asked the judge, "Is that picture admissible for all purposes, any purpose the People want?" the judge replied, "For all purposes." (*Id.*) On September 2, 2008, the trial judge denied Hayes's motion, construing it as a motion to resettle the record. (Decl. in Opp'n, Ex. P.) The court found that there was no reason to question the accuracy of the transcript, and no need to consult with the court reporter. (*Id.*)

Represented by counsel, Hayes then filed an appeal of his conviction with the Appellate Division, First Department. He argued that: 1) the evidence was legally insufficient and the verdict was against the weight of the evidence; 2) trial counsel was ineffective because he failed to request a limiting instruction regarding the photograph of Hayes with the gun; and 3) Hayes's sentence was excessive. (Decl. in Opp'n, Ex. A.) Hayes also filed a *pro se* supplemental brief,

4

arguing: 1) that he was unfairly prejudiced by the trial court's admission of the photograph of

him with the gun; and 2) that the lack of an adequate record denied him the right to appellate

review. (Decl. in Opp'n, Ex. B.) The Appellate Division affirmed Hayes's conviction and

sentence on April 7, 2009. *People v. Hayes*, 61 A.D.3d 432 (1st Dep't 2009). Hayes filed a *pro*

*se* motion for reargument, or, in the alternative, for leave to appeal. (Decl. in Opp'n, Ex. F.) That

motion was denied on October 13, 2009. (Decl. in Opp'n, Ex. I.) Represented by counsel, Hayes

filed for leave to appeal to the Court of Appeals. (Decl. in Opp'n, Ex. J.) He also filed a *pro se*

letter supplementing his application. (Decl. in Opp'n, Ex. K.) Leave to appeal was denied on

August 12, 2009. *People v. Hayes*, 13 N.Y.3d 744 (2009).

Hayes next filed a *pro se* § 440.10 motion, attacking his conviction as being procured by

fraud because the trial transcript was incorrect. (Decl. in Opp'n, Ex. Q.) The trial court denied

this motion on July 16, 2010 (Decl. in Opp'n, Ex. S), and Hayes has not yet sought leave to

appeal. *(See* Resp't's Mem. of Law in Opp'n to Am. Pet. ("Mem. in Opp'n") at 15 n. 4.)

### III. DISCUSSION

**A. Threshold Issues**

**1. Timeliness**

A petitioner must file an application for a writ of habeas corpus within one year of his

conviction becoming final. *See* 28 U.S.C. § 2244(d)(1). A conviction becomes final "'when [the]

time to seek direct review in the United States Supreme Court by writ of certiorari expire[s],'"

that is, ninety days after the final determination by the state court. *Williams v. Artuz*, 237 F.3d

147, 150 (2d Cir. 2001) (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998)). The statute of

limitations is tolled while state court relief is pending. 28 U.S.C. § 2244(d)(2); *Smith v.*

*McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). The tolling period runs from when the post-conviction

motion is filed until leave to appeal is denied. *See Rodriguez v. Portuondo*, 2003 WL 22966293 at *1-2 (S.D.N.Y. Dec. 15, 2003); *see also Carey v. Saffold*, 536 U.S. 214, 216 (2002); *Bennett v. Artuz*, 199 F.3d 116, 119 (2d Cir. 1999.)

Hayes's conviction became final on November 10, 2009, ninety days after his leave to appeal to the Court of Appeals was denied. The statute of limitations was tolled while Hayes's § 440.10 motion was pending in state court. As his Petition was filed on July 27, 2010, while the tolling period was still running, it is timely.

**2. Exhaustion**

Pursuant to 28 U.S.C. § 2254(b), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), courts may not grant a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies. *See* 28 § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997). In order to satisfy substantive exhaustion, a petitioner's claim before the state courts must have been federal or constitutional in nature. Although not an exacting standard, a petitioner must inform state courts of "both the factual and legal premises of the claim [he] asserts in federal court." *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) (quoting *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)).

> [T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Daye*, 696 F.2d at 194. Procedurally, the petitioner must utilize all avenues of appellate review within the state court system before proceeding to federal court. *See Bossett v. Walker*, 41 F.3d

825, 828 (2d Cir. 1994). He must raise each federal claim at each level of the state court system, "present[ing] the substance of his federal claims 'to the highest court of the pertinent state.'" *Id.* (quoting *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990)). Even where a respondent does not challenge petitioner's claims on exhaustion grounds, the court has an independent obligation to ensure that this requirement has been met, unless expressly waived by the State. *See* 28 U.S.C. § 2254(b)(3). Hayes raised all of the claims that he presents now during his direct appeals process, so that they were presented to the highest state court. He raised all of his claims in constitutional terms, so that they are both procedurally and substantively exhausted.

### 3. Procedural Bar

A claim is precluded from habeas review if: (1) the state court declines to address petitioner's federal claim because petitioner failed to meet a state procedural requirement, and (2) the state court decision rested on independent and adequate state grounds. *Coleman v. Thompson*, 501 U.S. 722 (1991); *Jones v. Vacco*, 126 F.3d 408, 414 (2d Cir. 1997) (*citing Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994)). A state law ground is "adequate" if "the state's insistence on compliance with its procedural rule serves a legitimate state interest." *Wainwright v. Sykes*, 433 U.S. 72, 83, n.8 (1977) (quoting *Henry v. Mississippi*, 379 U.S. 443, 447 (1965)). Further, the adequacy of a procedural rule rests on whether such rule is firmly established and regularly followed in the specific circumstances presented in the case. *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003). A petitioner can overcome this procedural bar if he can show cause for the default and actual prejudice, or "demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750 (internal citations and quotations omitted).

In his direct appeal, Hayes argued that the evidence supporting his conviction was legally

7

insufficient. The Appellate Division, First Department, ruled that his "motion for a trial order of dismissal was insufficiently specific to preserve his present challenge to the legal insufficiency of the evidence supporting his weapon possession conviction." *Hayes*, 61 A.D.3d at 432. Under New York law, for an issue to be considered on appeal, it must have been challenged by a contemporaneous objection at the trial level. N.Y.C.P.L. § 470.05(2). The United States Supreme Court has ruled that a "contemporaneous objection" rule presents an independent and adequate state ground, barring direct review of claims in federal habeas petitions. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (citing *Henry v. Mississippi*, 379 U.S. 443 (1965)). As a result, Hayes's claim that the evidence convicting him was legally insufficient is procedurally barred and should be **DENIED**.

**B. Merits of Hayes's Claims**

    **1. Standard of Review**

    AEDPA constrains a federal habeas court's ability to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. The Act limits issuance of the writ to circumstances in which the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is contrary to federal law if the state court applies "a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. Furthermore, in cases where the state court decision rests on a factual determination, the federal court must find that the "decision . . . was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### 2. Hayes's Claim That the Transcript is Inaccurate

Hayes argues that the transcript of his trial is inaccurate because it does not reflect that the trial court ruled that the photograph of him holding the gun was admissible "for all purposes." He claims that this error denied him his right to an appeal.

"[O]nce a State offers to criminal defendants the opportunity to appeal their cases, it must provide a trial transcript to an indigent defendant if the transcript is necessary to a decision on the merits of the appeal." *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985) (citing *Griffin v. Illinois*, 351 U.S. 12 (1956)). There is, however, no federal or constitutional right to an absolutely accurate transcript. *See, e.g., Burrell v. Swartz*, 558 F. Supp. 91, 92 (S.D.N.Y. 1983); *see also Benjamin v. Greiner*, 296 F. Supp. 2d 321, 333 (E.D.N.Y. 2003) (the right to a trial transcript includes the right to a reasonably accurate transcript). When a federal habeas petitioner claims that an inaccurate transcript denied him the right to an appeal, the reviewing court considers, "the extent of the State's fault in failing to preserve the record, the extent of any prejudice suffered by the petitioner, and whether the state provided the petitioner with an opportunity to reconstruct what was lost." *Van Stuyvestant v. Conway*, No. 03-CV-3856 (LAK) (DCF), 2007 WL 2584775 at *37 (S.D.N.Y. Sept. 7, 2007). The petitioner must also "overcome the 'presumption of regularity that attaches' to state trial transcripts." *Id.* at *37 n. 34 (quoting *Bankhead v. LaVallee*, 430 F. Supp. 156, 159 n. 4 (E.D.N.Y.1977)).

Here, the state provided Hayes with an opportunity to resettle the record, and Hayes has not shown any prejudice resulting from the omission of the statement that he claims is missing from the record. He also has not offered sufficient evidence of error to overcome the presumption of the transcript's regularity. As a result, Hayes's claim that inaccuracies in the

transcript denied him his right to an appeal should be **DENIED**.

### 3. Hayes's Claim That the Trial Court Improperly Admitted a Prejudicial Photograph

Hayes claims that the trial court failed to properly balance the prejudicial nature of the photograph of him holding the gun against its probative value, and that this failure denied him due process of the law. Generally, evidentiary questions are considered to be state law matters that are not cognizable of federal review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In order to rise to the level of a constitutional violation, an evidentiary error must be so "material to the presentation of the defense so as to deprive the defendant of fundamental fairness." *Rosario v. Kuhlman*, 839 F.2d 918, 924 (1988). The trial court found that, according to state law, the probative value of the photograph, which provided strong evidence that Hayes might know of and have control of a gun in the bedroom at question, outweighed any potential prejudicial effect. Hayes has not demonstrated that this finding was unreasonable, and his claim on this ground should be **DENIED**.

### 4. Hayes's Claim That the Trial Court Failed to Give a Proper Limiting Instruction

Hayes argues that his due process rights were violated because the trial court failed to give the jury an appropriate limiting instruction as to the proper uses of the photograph showing him holding a gun in the apartment. Upon admitting the photograph, the trial judge instructed the jurors that they were to determine whether it had any probative value, and if not, they were not to use it. (Tr. at 52.) As the photograph was admitted for all purposes, this instruction was not unreasonable, and his claim on this ground should be **DENIED**.

### 5. Hayes's Claim That the Photograph was not Properly Authenticated

Hayes claims that the photograph of him holding the gun was not properly authenticated,

10

because no witness was able to testify with certainty that the gun in the photograph was the same as the gun that was the subject of the charge against him. Due process does not require that an authenticating witness be able to identify with certainty each object in a photograph offered in evidence; Detective Fonrose's testimony that the photograph was recovered from the apartment and that it appeared to show Hayes in the bedroom was sufficient for authentication purposes. *See, e.g., Cochrane v. McGinnis*, 50 Fed. App'x 478 (2d Cir. 2002) (affirming denial of writ of habeas corpus where government introduced photographs at trial that were found in petitioner's apartment). Accordingly, Hayes's claim that the photograph was not properly authenticated should be **DENIED**.

### 6. Hayes's Weight of the Evidence and Legal Sufficiency Claims

Hayes claims that the verdict of guilty on the weapons charge is against the weight of the evidence. A weight of the evidence claim, however, is a purely state law claim, and is not cognizable of federal habeas corpus review. *See, e.g., Mitchell v. Artus*, No. 07 Civ. 4688 (LTS) (AJP), 2008 WL 2262606 at *17 (S.D.N.Y. June 2, 2008) (collecting cases).

Hayes also asserts that the verdict was legally insufficient, a related but separate claim that is reviewable in federal habeas corpus proceedings. *See Garbez v. Greiner*, 01 Civ. 9865 (LAK) (GWG), 2002 WL 1760960 at *8 (S.D.N.Y. July 30, 2002) (citing *People v. Bleakley*, 69 N.Y.2d 490, 515 N . Y.S.2d 761 (1987)). Even if this claim were not procedurally barred, however, Hayes has not shown that the verdict against him legally insufficient. In order to determine whether a verdict was legally sufficient, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. The evidence presented in the case, which included all of the photographs of Hayes

11

in the apartment and Hayes's possession of drug paraphernalia of a similar nature to the rest of

the drug paraphernalia recovered in the apartment, could have led a rational jury to conclude that

Hayes was part of a drug distribution ring that operated out of the apartment and jointly

exercised dominion and control over the gun. Accordingly, Hayes's weight of the evidence/legal

insufficiency claim should be **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, I recommend that Hayes's Petition for a writ of habeas

corpus be **DENIED**. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall

have fourteen (14) days after being served with a copy of the recommended disposition to file

written objections to this Report and Recommendation. Such objections shall be filed with the

Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of

the Honorable Paul G. Gardephe, 500 Pearl Street, Room 920, and to the chambers of the

undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a

waiver of those objections both in the District Court and on later appeal to the United States

Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and

Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) West Supp.

1995); FED. R. CIV. P. 72, 6(a), 6(d).

Dated: April 7, 2011
New York, New York

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

12

Copies of this Order were sent to:

*Pro se* Petitioner:
George Hayes
07-A-4821
Green Haven Correctional Facility
P.O.Box 4000
Stormiville, NY 12582

Attorneys for Respondent:
Ashlyn Dannelly and Thomas B. Litsky
Assistant Attorneys General
120 Broadway
New York , NY 10271